UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21346-CIV-WILLIAMS/MCALILEY

NIRVA BOURSIQUOT,

    Plaintiff,

vs.

JCK LEGACY SHARED SERVICES, INC.,
*formerly doing business as* McCLATCHY
SHARED SERVICES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, Nina Boursiquot, filed a Motion for Default Judgment Against Defendant, JCK Legacy Shared Services, Inc., *formerly doing business as* McClatchy Shared Services, Inc. (the "Motion" or "Motion for Default Judgment"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 8, 9). William A. Brandt Jr., solely in his capacity as the trustee of the JCK Legacy GUC Recovery Trust, filed a response memorandum in opposition to Plaintiff's Motion.[1] (ECF No. 10). The response asks the Court to set aside the Clerk's entry of default, which I construe as a motion. (*Id.*). Plaintiff did not file a reply memorandum in support of her Motion for Default Judgment. Nor did she respond to the request to set aside the default. For the

---

[1] Defendant filed for bankruptcy and Mr. Brandt has authority to represent Defendant's estate. *See* (ECF No. 10 at 4).

reasons that follow, I recommend that the Court deny Plaintiff's Motion for Default Judgment (ECF No. 8) and set aside the Clerk's entry of default (ECF No. 7).

## I. Background

In February 2017, McClatchy Shared Services, Inc. ("McClatchy") hired Plaintiff as an employee, and in March 2019, McClatchy terminated her. (ECF No. 1 ¶¶ 21, 51).

In April 2021, Plaintiff filed this action against McClatchy, alleging that it racially discriminated and retaliated against her, and created a hostile work environment, in violation of both federal and state law. (ECF No. 1).

Plaintiff served Defendant with the Complaint and summons, and Defendant failed to timely respond. *See* (ECF Nos. 5, 6). As a result, in June 2021, the Clerk entered default against Defendant for failure to plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 7).

Plaintiff thereafter filed this Motion in which she asks the Court to enter a default judgment against Defendant for a total amount of $1,071,081.31, with post-judgment interest to accrue, and to award reasonable attorneys' fees and costs. (ECF No. 8 at 16-17).

On July 28, 2021 – two weeks after Plaintiff filed the Motion – Mr. Brandt filed the response memorandum. (ECF No. 10). The response asks the Court to deny Plaintiff's Motion and to set aside the default because (i) Defendant did not willfully fail to plead or otherwise defend against this action, (ii) setting aside the default would not prejudice Plaintiff, and (iii) Defendant has a meritorious defense. (*Id.*).

I find that good cause exists to set aside the default. Given this determination, it would not be appropriate for the Court to enter a default judgment against Defendant.

**II.     Standard**

The Court has "considerable discretion" in deciding whether to set aside a default. *In re Fortner*, No. 12-60478-CIV, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). "The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits." *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ, 2013 WL 1503260, at *1 (S.D. Fla. Apr. 12, 2013) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). A party seeking to vacate a default must only make a "bare minimum showing" to support the claim for relief. *In re Fortner*, 2012 WL 3613879, at *7 (quoting *Jones v. Harell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is less stringent than the standard used for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Good cause is not subject to a precise formula and courts consider a number of factors when determining whether good cause exists. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Those factors include: whether (1) the default was culpable or willful, (2) setting aside the default would prejudice the adversary, (3) the defaulting party presents a meritorious defense, (4) the public interest was implicated, (5) there was significant financial loss to the defaulting party, and (6) the defaulting party acted promptly to correct the default. *Id.* (citations omitted). Courts need not consider every factor. *Id.*

### III. Analysis

The response memorandum provides good cause to set aside the default.

First, the meritorious defense. In February 2020, almost a year after McClatchy terminated Plaintiff from her position, McClatchy and its affiliates (collectively, the "Debtors") filed a petition for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. (ECF No. 10 at 1). The Bankruptcy Court set a deadline for any creditor to file a claim against any Debtor (including McClatchy) of July 10, 2020. (*Id.* at 3). McClatchy served Plaintiff, a potential creditor, with advance notice of this deadline. (*Id.*). Plaintiff never filed a claim in the Bankruptcy Court, and the deadline passed.[2] (*Id.*).

Mr. Brandt asserts that Defendant has a meritorious defense because Plaintiff may only recover from Defendant if she filed a timely claim in the Bankruptcy Court, and she failed to do so. (*Id.* at 5-6). Mr. Brandt filed orders from the Bankruptcy Court that support his contention. *See* (ECF Nos. 11-3, 11-8).

Courts engage in a limited inquiry when determining whether a defaulting party has raised a meritorious defense. Courts only consider whether the defense is "entirely devoid of merit," not whether the defense will ultimately succeed. *Lopez*, 2013 WL 1503260, at *2 (citation omitted); *see also Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, No. 06-cv-692, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) ("Courts have held the likelihood of success of a defense is not the measure in determining whether a defaulted

---

[2] As of the date Mr. Brandt filed the response memorandum – July 28, 2021 – Plaintiff still had not filed a claim in the Bankruptcy Court. (ECF No. 10 at 6).

defendant has a meritorious defense. Rather, the test is whether defense's facts constitute a meritorious defense at law.") (citations omitted). The Court has reviewed the record of this action and the Bankruptcy Court Orders, and finds that Defendant has asserted a meritorious defense.

Next, the Court finds that Defendant's default was not culpable or willful. The response memorandum explains that the administration of the bankruptcy case includes 54 Debtors and that over 2,700 claims were filed. (ECF No. 10 at 5). I credit the statement that because of this, "[t]he volume of communications being received and addressed by the various parties involved in administering the [plan of distribution] and the need for [Mr. Brandt] and his counsel to review and evaluate each one of those claims, created inefficiencies that prevented information regarding Plaintiff's Complaint from reaching the parties with authority to take the appropriate action necessary to timely respond to the Complaint." (*Id.*). Nonetheless, Defendant acted promptly to correct the default and filed the response memorandum, and 151 pages of exhibits for support, only two weeks after Plaintiff filed her Motion for Default Judgment. This short delay does not demonstrate an "intentional or reckless disregard" for these proceedings. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-cv-60079, 2019 WL 1921991, at *2 (S.D. Fla. Apr. 30, 2019) ("A party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.").

Last, Mr. Brandt asserts that Plaintiff would not be prejudiced by setting aside the default because "even if Plaintiff was to recover a default judgment in the full amount she requests, she would not be able to recover anything from Defendant," as she did not timely

file a claim with the Bankruptcy Court. (ECF No. 10 at 6). Plaintiff has not made any showing of prejudice and did not file a response to the request to set aside the default, which would have been her opportunity to do so. *See Lake James Assocs., Inc.*, 2006 WL 2789144, at *2 ("To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. Mere delay does not establish prejudice.") (citation omitted).

On this record, I find good cause to set aside the Clerk's entry of default. I therefore recommend that the Court deny Plaintiff's Motion for Default Judgment (ECF No. 8) and set aside the default (ECF No. 7).

### IV. Objections

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 26th day of January, 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Kathleen M. Williams
     All counsel of record