**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-21346-CIV-WILLIAMS**

NIRVA BOURSIQUOT,

      Plaintiff,

v.

JCK LEGACY SHARED SERVICES, INC.,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Chris M. McAliley's

Report and Recommendation ("***the Report***") (DE 12) regarding Plaintiff Nirva Boursiquot's

("***Plaintiff***") Motion for Default Judgment ("***Motion for Default***"). (DE 8.) In the Report, Judge

McAliley recommends that the Court deny Plaintiff's Motion for Default and set aside the Clerk of

Court's Entry of Default. (DE 7.) Plaintiff filed objections to the Report. (DE 13.)

On April 7, 2021, Plaintiff initiated this employment discrimination case against Defendant

JCK Legacy Shared Services, Inc. ("***Defendant***"). (DE 1.) On April 30, 2021, Plaintiff filed proof

of service, reflecting service of the summons and a copy of the Complaint on April 26, 2021,

making Defendant's response or answer to the Complaint due on or before May 17, 2021. (DE

5.) On June 14, 2021, the Court entered the Paperless Order Directing the Clerk of Court to Enter

Default, noting that Defendant "ha[d] not appeared or filed a responsive pleading to the Complaint"

on or before May 17, 2021. (DE 6.) After the Clerk entered default on June 15, 2021 (DE 7),

Plaintiff filed the instant Motion for Default on July 14, 2021 (DE 8), which was referred to Judge

McAliley for a report and recommendation. (DE 9.) Defendant later responded in opposition to

Plaintiff's Motion for Default. (DE 10.) In the Report, Judge McAliley determined that Defendant:

(1) asserted a meritorious defense in response to default (Plaintiff's failure to file a claim in the

United States Bankruptcy Court for the Southern District of New York, where Defendant had filed

a petition for bankruptcy protection and Plaintiff was served as a potential creditor); (2) did not

culpably or willfully default; and (3) acted promptly to correct the default by responding to Plaintiff's

Motion for Default with a memorandum and 151 pages of supporting exhibits. (DE 12 at 4–5.)

Judge McAliley also concluded that Plaintiff would not be prejudiced by setting aside default,

because "Plaintiff has not made any showing of prejudice and did not file a response to the request

to set aside the default[] . . . ." (*Id.* at 6.)

Upon an independent review of the Report, the record, and applicable case law, it is

**ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 12) are **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Default (DE 8) is **DENIED**.

3. The Clerk of Court's Entry of Default (DE 7) is **VACATED**.

4. Defendant shall file a response or answer to Plaintiff's Complaint (DE 1) on or before

   **MARCH 31, 2022**.

   **DONE AND ORDERED** in Chambers in Miami, Florida on this <u>1st</u> day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE