IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIRVA BOURSIQUOT,

    Plaintiff,                                           Case No.: 1:21-CV-21346T-KMW

    v.

JCK LEGACY SHARED SERVICES, INC.,
*formerly doing business as* MCCLATCHY
SHARED SERVICES, INC.,

    Defendant.
_____/

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF FILING IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

In accordance with the Federal Rules of Evidence, Rule 201, and in response to Defendant JCK Legacy Shares Services, Inc., f/k/a McClatchy Shared Services, Inc. (hereinafter "Defendant")'s Request for Judicial Notice (hereinafter the "Notice") [D.E. 35], Plaintiff Nirva Boursiquot (hereinafter "Plaintiff") submits the herein supplemented information and requests the court take notice of the additional information contained herein.

On June 6, 2022, Plaintiff filed her Proof of Claim No. 2729 [D.E. 35-1] with the United State Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Defendant thereafter filed it's Notice providing a legally baseless conclusion that Plaintiff as, as a result, "subjected herself to the jurisdiction of the Bankruptcy Court" despite, this being a matter wholly in dispute.

As noted in Defendant's Notice, Rule 201 permits a party to submit into the record *<u>undisputed facts</u>* which "cannot be reasonably questioned." Fed. R. Evid. 201 (b). To be clear, Plaintiff does not object or contend that her submission of Proof of Claim is fact. But merely filing

the Proof of Claim does not automatically subject Plaintiff to the Court's jurisdiction meriting the transfer of her pending case.

As asserted at length in her Motion to Dismiss Opposition [D.E. 19], and uncontroverted by her recent Proof of Claim filing, (1) Claimant timely filed the underlying lawsuit in accordance with the appropriate statutory deadlines, (2) Claimant's complaint presented well plead claims for discrimination and retaliation, and (3) transfer would be inappropriate under the circumstances.

## CONCLUSION

In conclusion, Plaintiff Nirva Boursiquot respectfully requests that the Court take notice of the herein additional information in response to Defendant's Request to take Judicial Notice and further utilize this to the extent the Court finds this information valuable in it's consideration of Defendant's underlying Motion.

Dated:  Miami, Florida  
        June 15, 2022

**DEREK SMITH LAW GROUP, PLLC**

  */s Caroline H. Miller*  
Caroline H. Miller, Esq.  
Derek Smith Law Group, PLLC  
701 Brickell Ave, Suite 1310  
Miami, FL 33131  
Tel: (305) 946-1884  
Fax: (305) 503-6741  
Caroline@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 15, 2022, I electronically served all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF System to all parties of record.

  */s Caroline H. Miller*  
Caroline H. Miller, Esq.