**Exhibit A**

Memorandum of Decision

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                              :        Chapter 11
                                    :
JCK LEGACY COMPANY, *et al.*,     :        Case No. 20-10418 (MEW)
                                    :
Debtors.                :        (Jointly Administered)
-------------------------------------------------------------x

## DECISION DISALLOWING LATE-FILED PROOF OF CLAIM NUMBER 2729 FILED BY NIRVA BOURSIQUOT

A P P E A R A N C E S:

PILLSBURY WINTHROP SHAW PITTMAN LLP
New York, New York
*Attorneys for GUC Recovery Trustee*
  By:  Leo T. Crowley
        Patrick E. Fitzmaurice
        Kwame O. Akuffo

NIRVA BOURSIQUOT
*Appearing pro se*
Miami, Florida

**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

William A. Brandt, Jr. is the trustee (the "**Trustee**") of the JCK Legacy GUC Recovery Trust (the "**Trust**") that was created under the confirmed plan of reorganization in these cases. The Trustee has objected to proof of claim number 2729, filed by Nirva Boursiquot on June 6, 2022, on the ground that the claim was filed after the bar date. Ms. Boursiquot has opposed the objection and has asked that her late-filed claim be permitted on grounds of "excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1).

The record before the Court clearly establishes the following chronology of events:

1.      Ms. Boursiquot is a former employee of one of the Debtors. Her employment was terminated in March 2019.

2.      On January 17, 2020, Ms. Boursiquot filed a charge of discrimination with the
Equal Opportunity Employment Commission (the "**EEOC**") and with the Florida Commission on
Human Relations (the "**FCHR**").

3.      The Debtors filed their bankruptcy petitions on February 13, 2020.

4.      On May 21, 2020, this Court entered an Order that set July 10, 2020 as the deadline
(the "**Bar Date**") for the filing of proofs of claim.  The Order specified that creditors were to
receive notice of the Bar Date by mail, and also provided for publication notices to reach creditors
who were unknown or for whom the Debtors had no addresses or had incorrect addresses.

5.      A notice of the Bar Date was mailed to Ms. Boursiquot at an address in Miramar,
Florida on May 29, 2020.  Ms. Boursiquot concedes that the notice was sent to her former address,
but she contends that she had moved as of May 29, 2020 and that she did not receive the notice.

6.      On or about August 24, 2020, the EEOC issued a right-to-sue letter to Ms.
Boursiquot.

7.      On October 19, 2020, an attorney at the Derek Smith Law Group in Miami, Florida
sent an email to the Debtors, stating that she represented Ms. Boursiquot and that the EEOC had
issued a right-to-sue letter.  That same day, Juan Cornejo (an attorney for the Debtors) stated in a
responsive email that the Debtors had filed bankruptcy petitions and that "[t]he deadline to file a
bankruptcy claim expired on July 10, 2020.  However, if you still wish to pursue this matter, your
client's only remedy is to proceed under the bankruptcy process."

8.      On April 7, 2021, Ms. Boursiquot filed a complaint in the United States District
Court for the Southern District of Florida, alleging that her employment had been terminated
wrongfully and asserting claims based on race discrimination, harassment and retaliation.

9.      It is unclear why, but on June 15, 2021 a clerk's default was entered in the Florida

Action based on the Debtors' failure to appear.  Ms. Boursiquot then moved for the entry of a

default judgment, which the Debtors opposed.

10.     On July 28, 2021, the Debtors filed opposition papers in Florida contending, among

other things, that Ms. Boursiquot had failed to file a claim on or before the July 10, 2020 Bar Date,

and therefore that she would not be entitled to any recovery in the Debtors' bankruptcy cases.[1]

The accompanying declaration that Mr. Fitzmaurice filed in Florida stated that "Plaintiff did not

file a proof of claim on or before the Bar Date" and that "[a]s of the date of the filing of this

opposition, Plaintiff has not filed a claim or made a request to the Bankruptcy Court for permission

to file a late claim."

11.     On January 26, 2022, Magistrate Judge McAliley issued a report and

recommendation, recommending that the default be set aside and noting that Ms. Boursiquot's

failure to file a claim before the Bar Date constituted a possible defense to her claim.

12.     On February 9, 2022, Ms. Boursiquot filed an objection to the Magistrate's report.

Her objection was accompanied by a sworn Declaration in which she stated:  "I am in the process

of filing a proof of claim.  This had not been filed as of yet as I was unaware one could be filed

after the claim had closed."

13.     On March 1, 2022, the District Court accepted the Magistrate Judge's

recommendation and set aside the Clerk's entry of default in the Florida action.

---

[1]    The Debtors have submitted the Declaration of Patrick Fitzmaurice regarding certain points
that the Debtors made in the papers filed in the Florida action, but did not submit copies of
those papers.  However, the papers are available on the ECF filing system under case number
1:21-CV-21346T-KMW (S.D. Fla.) and the Court has retrieved and reviewed them to confirm
the statements made in Mr. Fitzmaurice's Declaration.  The Court takes judicial notice of
those papers merely for the purpose of identifying the issues as to which Mr. Boursiquot was
put on notice.

14.     On March 31, 2022, the Debtors moved to dismiss Ms. Boursiquot's Florida action on the ground that the claims were untimely, due to the fact that the case was filed more than 90 days after the EEOC had issued a right-to-sue letter.  The Debtors further argued that recovery was barred because no recovery was possible in the absence of a proof of claim, and that "[a]s of the date of this Motion, Plaintiff has not filed a proof of claim with the Bankruptcy Court much less demonstrated that her late claim would be the result of excusable neglect."  The motion referred to Rule 9006 of the Federal Rules of Bankruptcy Procedures and identified the standards that would be applied in deciding whether to excuse a failure to comply with the Bar Date.

15.     Ms. Boursiquot filed an opposition to the motion to dismiss on April 21, 2022.  Her papers did not address the proof of claim issues and the application of the Bar Date.

16.     The Debtors filed reply papers on April 28, 2022.  They contended, among other things, that no recovery would be permitted unless a bankruptcy proof of claim were to be filed, and that only the Bankruptcy Court could determine whether to permit a late-filed proof of claim.

17.     On June 6, 2022, Ms. Boursiquot filed a proof of claim.  She did not file a motion seeking relief from the Bar Date pursuant to Rule 9006.  However, in response to the Trustee's Objection she has contended that such relief should be granted, and I will treat those contentions as a motion seeking relief under Rule 9006.

18.     This Court held a hearing on the Objection on July 20, 2022.  During that hearing, Ms. Boursiquot stated that she was unaware of any advice that was given to her counsel in October 2020 about the need to file a bankruptcy claim.  However, she acknowledged that she was made aware of the proof of claim issues during the Florida proceedings, and acknowledged that she had submitted a personal Declaration in February 2022 that stated that she was in the process of filing a proof of claim.  When asked to explain why she had not filed a claim after first being advised of

4

the Bar Date issue, and why she had delayed so long even after stating in February 2022 that she was going to file a claim, Ms. Boursiquot stated that she had been advised that the late filing of the claim was not likely to be permitted.

### Discussion

Rule 3003(c) of the Federal Rules of Bankruptcy Procedure requires a court to establish a deadline for the filing of claims in a chapter 11 case. *See* Fed. R. Bankr. P. 3003(c)(3). A creditor who fails to file a claim before the deadline is not entitled to participate in any distributions from the bankruptcy estate. *See* 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3003(c)(2). However, there is an exception to the extent that the tardy filing of a claim is excused under the applicable provisions of the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 502(b)(9). The relevant provision is Rule 9006 of the Federal Rules of Bankruptcy Procedure, which states that if an order of the court requires an action to be taken on or before a particular date, and if the action is not taken by the specified deadline, the court nevertheless may extend the deadline after the fact, and may permit the act to be done belatedly, "where the failure to act was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1).

The leading decision on the application of "excusable neglect" standards is the decision of the United States Supreme Court in *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). In *Pioneer*, an attorney filed a claim twenty days after the bar date. The attorney claimed that he had been experiencing a major and significant disruption in his life due to his withdrawal from his former law firm, and that he was unaware of the bar date until after the bar date had passed. The Supreme Court held that the wording of Rule 9006 shows that relief may be available even if a deadline is missed due to neglect, which includes instances in which deadlines are missed due to carelessness or inattentiveness. It

further held that for this purpose, the term "neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. The Supreme Court also held that the determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. The relevant factors include: (1) the danger of prejudice; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*.

Applying these principles, the Supreme Court held in *Pioneer* that excusable neglect had been demonstrated. *Id*. at 397-99. The Supreme Court confirmed that parties are responsible for the conduct of their attorneys, and it held that clients cannot obtain relief from deadlines that their lawyers missed unless the lawyers' own neglect was excusable. *Id.* at 397. The Court also gave "little weight" to the fact that counsel was allegedly experiencing upheaval in his law practice. *Id*. at 398. However, since the bar date notice had been set forth in a notice of a creditor meeting, without any indication in the title of the notice that it also included information about a bar date, the Supreme Court held that counsel's admitted lack of actual knowledge of the bar date, coupled with a lack of prejudice and a demonstration of good faith, constituted excusable neglect. *Id*. at 398-99.

The Second Circuit has taken what it has called "a hard line" in applying the *Pioneer* factors. *See Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Silivanch v. Celebrity Cruises, Inc*., 333 F.3d 355, 368 (2d Cir. 2003), cert. denied sub nom. *Essef Corp. v. Silivanch*, 540 U.S. 1105, 124 S. Ct. 1047, 157 L. Ed. 2d 890 (2004). In *Silivanch*, the Second Circuit applied the Pioneer factors in determining whether an untimely filing of an appeal was due to excusable neglect. The court held that the third of the

Pioneer factors – the reason for a delay and whether it was in the reasonable control of the movant – is to be given the most weight in determining whether excusable neglect has been shown. 333 F.3d at 366 n.7. The Second Circuit further instructed that if a deadline is clear and understood, but is missed anyway, "we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test," even if other factors favor the movant. *Id*. at 366-67. In a later decision, the Second Circuit emphasized again that "it is the third factor – the reason for delay – that predominates, and the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co*., 391 F.3d 411, 415-16 (2d Cir. 2004); *see also Enron Corp.*, 419 F.3d at 122 (rejecting a request for relief from a bar date based on allegations of excusable neglect).

The burden of proving "excusable neglect" rests with the party who seeks relief. *In re Tronox Inc*., 626 B.R. 688, 725 (Bankr. S.D.N.Y. 2021) (citing *Enron Corp*., 419 F.3d at 121). The Court will apply the *Pioneer* factors, starting first with the fact that is to be given the greatest weight pursuant to the Second Circuit's instructions.

A.    **Reasons for the Delay/Whether Action was Within Claimant's Control**

Ms. Boursiquot contends that she did not receive the notice of the Bar Date that was mailed to her because she had changed her address in 2018 and the Bar Date notice was sent to her former address. However, publication notices were also issued to supplement the mailed notices. More importantly, the record makes clear that Ms. Boursiquot's counsel was informed of the Bar Date by email in October 2020. The record also makes clear that the Bar Date issues were raised repeatedly in the Florida action beginning in July 2021. Even if the alleged failure to receive the mailed notice could have excused the initial failure to comply with the Bar Date, it does not explain the entire delay that occurred before Ms. Boursiquot actually filed a claim on June 6, 2022.

A party who misses a court deadline, and who wishes relief based on equitable considerations, must act promptly to take the action that should have been taken earlier. It is therefore not enough for Ms. Boursiquot to focus on reasons why she allegedly did not file a claim in July 2020. Instead, she must explain the full delay that occurred before she sought permission to file such a claim. *See, e.g., In re AMR Corp.*, 492 B.R. 660, 667 (Bankr. S.D.N.Y. 2013), (holding that a three-month delay after learning of a missed deadline was an unreasonable delay in applying the *Pioneer* factors); *Emiko Bd. v. AMF Bowling Worldwide, Inc. (In re AMF Bowling Worldwide, Inc.)*, 520 B.R. 185, 196–97 (Bankr. E.D. Va. 2014), *aff'd*, 533 B.R. 144 (E.D. Va. 2015) (unknown creditor receiving notice of the administrative claim bar date by publication failed to demonstrate excusable neglect where creditor waited more than a year before commencing lawsuit against debtor in state court alleging a post-petition personal injury claim, and only filed a motion for enlargement in bankruptcy case at state court judge's direction, six months after she received actual notice of the bankruptcy); *Toscano v. RSH Liquidating Tr. (In re RS Legacy Corp.)*, 577 B.R. 134, 142 (Bankr. D. Del. 2017) (refusing to find excusable neglect where creditor with actual notice of the bar date first learned about her potential claim after the bar date but waited an additional eleven months before asserting a claim); *Seven Oaks Partners, LP v. Licata (In re Seven Oaks Partners, LP)*, 749 Fed. App'x. 67, 69 (2d Cir. 2019) (summary order) (once creditor had knowledge of bankruptcy and of allegedly incorrect listing it was creditor's obligation to file a claim); *In re Majestic Holdco, LLC*, No. 09-14142 (KG), 2013 Bankr. LEXIS 657, at *12 (Bankr. D. Del. Feb. 21, 2013) (five-month delay after learned of error barred relief); *State Dep't of Envtl. Prot. v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, No. 07-536, 2008 WL 687357, at *4 (D. Del. Mar. 11, 2008) (4-year delay).

Ms. Boursiquot also contends that she was not aware of the advice given to her counsel in October 2020. However, even if this were true she was aware of the issue beginning no later than July 2021, given the papers that were filed in the Florida action. She nevertheless waited eleven months after that date before filing a claim, and waited four months after she herself stated (in a declaration) that she intended to file a claim. Her four-month delay after the February declaration was longer than the original claim-filing period was.

Furthermore, even if Ms. Boursiquot's attorney failed to pass on the information that was delivered in October 2020, that failure is not "excusable neglect." Parties generally are responsible for the actions of their attorneys, even when the attorneys act negligently. *See United States v. Malachowski*, 623 Fed. App'x. 555, 557 (2d Cir. 2015) (summary order) (late filing not excused by mistakes that counsel made); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct."); *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, No. 16 Civ. 7544 (PGG), 2020 WL 2216660, at *4 n.5 (S.D.N.Y. 2020) (rejecting argument that stipulation entered into as a result of poor legal advice should be set aside); *Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 16 (S.D.N.Y. 2019) ("Litigants are generally bound by the professional conduct of the attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice by the client.") (internal citations omitted); *Brooks v. Kmart Corp. (In re Kmart Corp.)*, 315 B.R. 718, 723 (N.D. Ill. 2004) (where "the responsibility for delay is that of claimant's counsel, that responsibility must be attributed to the claimant . . .") (internal citations

omitted).  As the Supreme Court held in *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 & n.10, 82

S. Ct. 1386, 1390 (1962):

> Petitioner voluntarily chose this attorney as his representative in the action, and
> he cannot now avoid the consequences of the acts or omissions of this freely
> selected agent.  Any other notion would be wholly inconsistent with our system
> of representative litigation, in which each party is deemed bound by the acts of
> his lawyer-agent and is considered to have 'notice of all facts, notice of which
> can be charged upon the attorney.' . . . [I]f an attorney's conduct falls
> substantially below what is reasonable under the circumstances, the client's
> remedy is against the attorney in a suit for malpractice.  But keeping this suit
> alive merely because plaintiff should not be penalized for the omissions of his
> own attorney would be visiting the sins of plaintiff's lawyer upon the
> defendant.

Accordingly, errors by counsel do not constitute grounds for "excusable neglect" relief

unless counsel's own failings should be excused.  *See Pioneer*, 507 U.S. at 397 (holding that clients

are bound by counsel's mistakes and permitting relief only if counsel can show that counsel's own

mistakes were based on excusable neglect).  No such excuse for counsel's alleged conduct has

been offered here.

Finally, during the hearing Ms. Boursiquot said that the reason why she had delayed in

filing a claim was that she believed (and had been advised) that the late filing was not likely to be

permitted.  Whether that belief was correct or not, the fact remains that her own delays were due

to her own pessimism about succeeding, rather than to any "neglect" that ought to be "excusable"

under the circumstances.  Deliberate delays by parties, made for tactical reasons or otherwise based

on their evaluations of the likelihoods of various outcomes, represent conscious, tactical choices.

A conscious choice is not grounds for relief as it is "a voluntary omission within [the creditor's]

control."  *Enron Corp.*, 419 F.3d at 127; *see also Michigan Self-Insurers' Sec. Fund v. DPH*

*Holdings, Corp. (In re DPH Holdings, Inc.)*, 434 B.R. 77, 84-85 (S.D.N.Y. 2010) (holding that the

creditor's erroneous belief ''that it did not possess a claim against the Debtors as of the Bar Date"

was not a valid ground for excusable neglect); *In re Motors Liquidation Co.*, 576 B.R. 761, 778-

79 (Bankr. S.D.N.Y. 2017) (concluding that a claimant's argument that he could not file a proof of claim until his state law claim accrued was a mistake of law, which does not constitute excusable neglect); *In re Mother Hubbard, Inc.*, 152 B.R. 189, 194 (Bankr. W.D. Mich. 1993) ("Although [the creditor] may have made a bad decision in failing to timely file his claim, making such a conscious decision is not 'excusable.' Indeed [the creditor's] decision is not 'neglect' -- it was a voluntary omission within his sole control.").

For these reasons, this factor weighs strongly against the request for relief from the Bar Date. Under this Circuit's precedents, this factor is the most significant of the *Pioneer* factors, and the others are controlling only in close cases.

**B.      Length of the Delay**

As the above discussion makes clear, the delay by Ms. Boursiquot is a lengthy one. This factor also weighs strongly against Ms. Boursiquot's request for relief from the Bar Date.

**C.      Prejudice**

If a claim had been filed earlier then its merits could have been adjudicated as part of the overall claims process. Here, however, the claims resolution process is virtually completed. The late filing of Ms. Boursiquot's claim, if permitted, would only result in further delays and could delay the final distributions to creditors. While the prejudice is not overwhelming, it is a factor that weighs against the request to permit the late filing.

**D.      Good Faith**

I do not find any lack of good faith on Ms. Boursiquot's part. However, "good faith" by itself is not sufficient to entitle a movant to relief. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 366 ("rarely in the decided cases is the absence of good faith at issue"); *In re Motors Liquidation*

*Co.*, 619 B.R. 63, 80 (Bankr. S.D.N.Y. 2020) ("the presence of good faith is almost never a determinative factor in the *Pioneer* analysis").

On the whole, consideration of the *Pioneer* factors plainly shows that Ms. Boursiquot's request for relief from the Bar Date should be denied. She has not offered a valid excuse for her delays after being informed of the Bar Date; her delays were lengthy; the delays were of her own conscious choosing; they were under her full control; and allowing a late claim to be filed now, after such long delays, could result in delays that would be prejudicial to other parties in interest.

## **Conclusion**

For the foregoing reasons, the Trustee's objection is sustained, and Ms. Boursiquot's request for relief from the Bar Date is denied. A separate Order shall be entered to this effect.

Dated: New York, New York
       July 28, 2022

                                        **/s/ Michael E. Wiles**
                                        Hon. Michael E. Wiles
                                        United States Bankruptcy Judge