IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIRVA BOURSIQUOT,

    Plaintiff,                                              Case No.: 1:21-CV-21346T-KMW

v.

JCK LEGACY SHARED SERVICES, INC.,
*formerly doing business as* MCCLATCHY
SHARED SERVICES, INC.,

    Defendant.
_____/

**DEFENDANT'S REQUEST FOR STATUS CONFERENCE
ON DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant files this request for a status conference at the Court's convenience to address any question the Court may have regarding Defendant JCK Legacy Shared Services, Inc., f/k/a McClatchy Shard Services, Inc.'s pending *Motion to Dismiss, or alternatively, Motion to Transfer Venue* (the "Motion") [D.E. 16]. In support of the request, Defendant respectfully states as follows:

On March 31, 2022, Defendant filed the Motion, seeking to dismiss the case or transfer the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Motion argues that Plaintiff cannot state a claim upon which relief can be granted because she had not filed a proof of claim in the Bankruptcy Court, which must determine first whether the Debtors are liable to Plaintiff and second, the amount of such liability, and that the Bankruptcy Court has 'related to' jurisdiction over any claims brought by Plaintiff.

On April 21, 2022, Plaintiff filed an opposition to the Motion [D.E. 19], and Defendant filed a reply shortly thereafter [D.E. 20]. On May 6, 2022, the parties filed a Joint Scheduling Report [D.E. 28], which was modified by the Court's Scheduling Order that same day [D.E. 31].

Among other things, the Court's modified Scheduling Order set expedited discovery deadlines and scheduled a calendar call and jury trial for February 7th and 13th, 2023, respectively.

On May 24, 2022, Defendant filed the *Motion for Protective Order to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss, or in the Alternative, Modify the Scheduling Order* [D.E. 32] (the "Stay Motion"). On May 27, 2022, the Court granted in part and denied in part the Stay Motion, ordering that the case is stayed pending resolution of the Motion, and that the Court will enter an order amending its modified Scheduling Order if the case proceeds beyond resolution of the Motion [D.E. 33].

On June 10, 2022, Defendant requested that the Court take judicial notice of Proof of Claim No. 2729 filed by Plaintiff in the Bankruptcy Court [D.E. 35]. On June 15, 2022, Plaintiff responded to the notice, arguing that her "Proof of Claim does not automatically subject Plaintiff to the [Bankruptcy] Court's jurisdiction meriting the transfer of her pending case" [D.E. 36]. On June 22, 2022, Defendant filed a reply, advising the Court that, by filing a proof of claim, Plaintiff subjected herself to the Bankruptcy Court's jurisdiction for resolution of her claims [D.E. 37]. On July 29, 2022, Defendant requested that the Court take judicial notice of the Bankruptcy Court's memorandum of decision and order, disallowing and expunging Proof of Claim No. 2729. As a result, Plaintiff's claim has been determined not to be compensable and has been fully disallowed.

On January 12, 2023, the Court issued an order, cancelling the scheduled call and jury trial and stating that the Motion remains pending, and that the case is stayed pending its resolution. Defendant submits that Plaintiff's submission of a Proof of Claim in the Bankruptcy Court is dispositive of the remaining issues and all claims have been fully resolved, and that this action should therefore be dismissed for that reason alone.

Given the timeline of the case and recent filings apprising the Court of matters related to Plaintiff in the Bankruptcy Court, Defendant requests a status conference on the pending Motion.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies she has met and conferred with Plaintiff's counsel who was not amenable to the relief sought in the Motion.

Date:  January 20, 2023.

>Respectfully submitted,
>
>*/s/ Jennifer G. Altman*
>Jennifer G. Altman, Esq.
>Florida Bar No. 881384
>Pillsbury Winthrop Shaw Pittman LLP
>600 Brickell Avenue, Suite 3100
>Miami, Florida  33131
>Telephone:     786-913-4900
>Facsimile:      786-931-4901
>Email: *jennifer.altman@pillsburylaw.com*
>
>*Counsel to William A. Brandt Jr., solely in his capacity as the Trustee of the JCK Legacy GUC Recovery Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

>*/s/ Jennifer G. Altman*
>Jennifer G. Altman, Esq.