IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIRVA BOURSIQUOT,

    Plaintiff,                                  Case No.: 1:21-CV-21346T-KMW

    v.

JCK LEGACY SHARED SERVICES, INC.,
*formerly doing business as* MCCLATCHY
SHARED SERVICES, INC.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, Nirva Boursiquot (hereinafter "Plaintiff" and/or "Ms. Boursiquot"), by and through her undersigned counsel the Derek Smith Law Group, PLLC, hereby submits this response to the Court's February 6, 2024 Order to Show Cause (D.E. 43), and respectfully states as follows:

Prior to the herein lawsuit, on January 17, 2020, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 510-2019-06739) and the Florida Commission on Human Relations ("FCHR") against Defendant Company for unlawful employment practices.

As the Court is already aware, subsequent to Plaintiff initiating administrative proceedings, on February 13, 2020, Defendant/Defendant's parent corporations, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code within the Southern District of New York's Bankruptcy Division.

On or about August 24, 2020, the EEOC issued Plaintiff a Right to Sue, subsequent to which, on April 7, 2021, Ms. Boursiquot initiated the herein lawsuit by filing a complaint within

1

the Florida Court, alleging employment discrimination based on race by the Defendant and its'
employees, and further articulating her experience including but not limited to wrongful
termination on March 15, 2019, wherein Ms. Boursiquot was terminated from her employment
with the Defendant because of her race and in retaliation to her complaints of discriminatory
practices by Defendant. *See D.E. 1*.

The Complaint asserts three claims under 42 U.S.C. § 1981 based on discrete
act/unlawful termination, hostile work environment, and retaliation, and three claims under
Florida Civil Rights Act of 1992, §760.01, *et seq.*, Florida Statutes, based on discrete act, hostile
work environment, and retaliation. *Id*. D.E. 1, at Par. 59-115 Furthermore, in her complaint,
Plaintiff expressed in no uncertain terms that Defendant's conduct had "been malicious, willful,
extreme and outrageous, and with full knowledge of the law." *Id*. D.E. 1, at Par. 56 and 115.

Traditionally, it is understood that as it relates to bankruptcy proceedings, a discharge in a
case under the bankruptcy code "operates as an injunction against the commencement or
continuation of an action, the employment of process, or an act, to collect or recover from, or
offset against, property of the debtor of the kind specified in section 541(a)(2) of this title […]
that is acquired after the commencement of the case, on account of any allowable community
claim." *See* 11 U.S.C. §524(a)(3).  Thus, "[a] bankruptcy discharge and concomitant injunction
against subsequent actions are designed to give the debtor a fresh start." *In re Jet Fla. Sys., Inc.*,
883 F.2d 970, 972 (11th Cir. 1989).

However, plaintiffs in employment discrimination cases have been successful in
persuading courts that their debts are nondischargeable, based upon jury findings that defendants
caused "willful and malicious injury," or when the jury awarded punitive damages requiring a
finding of willful or malicious intent.

Furthermore, while Bankruptcy code limits a plaintiff's ability to proceed against a defendant who has received a discharged of debt in bankruptcy, a bankruptcy discharge and the confirmation plan's injunction "will not act to enjoin a creditor from taking action against another who also might be liable to the creditor." *In re Jet Fla. Sys., Inc.*, 883 F.2d at 973, 976. Thus, "[t]he 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *Id.* at 975. Rather, "a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable." *Id.* at 976; *see also Green v. Welsh*, 956 F.2d 30, 35 (2d Cir. 1992) ("[W]e believe that § 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer."). *See generally Mintz v. Pilgrim's Pride Corp.*, 1:08-CV-1430-HTW-AJB, 2010 U.S. Dist. Lexis 148115 (N.D. G.A., Sept. 8, 2010).

The Defendant to date has not been able to articulate definitively whether or not there exists insurance in this matter, raising a distinct question about Plaintiff's ability to recover from said insured. To that point, any conversations regarding this matter and the availability for Plaintiff to collect against an insured has been left open ended.

Without knowledge of such, Plaintiff has no means to determine if the claim is or is not collectable, presuming she is able to establish liability. To date, as was proper and understandable given the confines of the stay, the parties have not conducted discovery, let alone exchanged initial disclosures, prohibiting Plaintiff from obtaining a meaningful and concrete answer as to collectability. Plaintiff does not intend to interfere with the Defendant's "fresh start" but instead to collect against any potential insurance policy maintained by Defendant at the time of Defendant's discriminatory conduct.

**WHEREFORE,** and in light of the above, Plaintiff respectfully requests the Court permit Plaintiff the ability to her pursue her claims for discrimination, if not at minimum to determine the existence of any insurance policy.

Dated: February 9, 2024	Respectfully Submitted,

   */s/ Caroline H. Miller*
Caroline H. Miller, Esq.
Florida Bar No. 1012331
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
P: (305) 946-1884
F: (305) 503-6741
E: Caroline@dereksmithlaw.com
*Attorneys for Plaintiff*